# BALTIMORE CITY COURT.

Filed August 11, 1926.

RICHARD REESE WHITTEMORE
VS.
ALBERT C. RITCHIE, ET AL.

*George L. Pendleton* for petitioner.

*Attorney-General Thomas H. Robinson, Assistant Attorneys-General Herbert Levy* and *John Hubner Rice, State's Attorney Herbert R. O'Conor* and *Deputy State's Attorney Rowland K. Adams* for defendants.

STANTON, J.—

The petition for a writ of habeas corpus filed by Richard Reese Whittemore, under sentence to be hanged tomorrow for the murder of a penitentiary guard, was dismissed by Judge Robert Stanton in the City Court yesterday. The writ was sought by Whittemore, through George L. Pendleton, attorney, on the ground that he was illegally tried and convicted of the crime of murder in the first degree because Judge Eugene O'Dunne, the trial Judge, had allowed the jury to be judge of the law as well as the fact in the trial of his case.

Attorneys for the State contended at the hearing that it was not necessary under the practice in this State for the Court to instruct the jury.

Judge Stanton in dismissing the petition delivered the following oral opinion:

"The matter before the Court is an order nisi raising the question whether or not the application for a writ of habeas corpus shall be granted. The argument, however, on behalf of the petition has gone beyond that point and covered the matters alleged as though the writ had been granted and the question of the release or remanding of the petitioner were before the Court.

If the writ of habeas corpus had been issued in this case and the question of the alleged conflict between the due process of law and the provisions of the Constitution of the United States and Section 5 of Article 15 of the Constitution of the State of Maryland were now before the Court for determination, this Court would have no hesitancy in declaring that there is no conflict and the contention to be unsound, and the petitioner would be remanded. That being so it would be futile to grant a writ merely to remand the petitioner. But the allegations of the petitioner in this case disclose that the provisions of the law of this State with

reference to a trial in the criminal jurisdiction have been followed and for that reason there is no restraint of lawful liberty nor any illegal detainer of the petitioner.

The matters complained about in the petition now before the Court are with reference to alleged errors in the process of the trial, in that the jury was not instructed by the Court to guide it in fixing the degree of guilt of the accused. This was not necessary under our practice in this State and could not be required at the hands of the Court.

The State of Maryland is not alone in this country in providing that juries shall be judges of the law as well as of the fact. The people in adopting our Constitution were content with this procedure and it is due process of law in this community.

To complain of errors in the course of trial and attempt to have them reviewed under a writ of habeas corpus is beyond its scope. It will not be issued for any such purpose.

For these reasons this Court will refuse the application for the writ of habeas corpus and dismiss the petition."